## HERZOG v. KINCADE.
### No. 5823.

Court of Appeals of the District of Columbia.
Argued June 7, 1933.
Decided June 26, 1933.

Mark P. Friedlander, of Washington, D. C., for appellant.

James B. Archer and J. N. Jones, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a judgment for damages in an action for false imprisonment and malicious prosecution.

The plaintiff below, Viania Kincade, sued the defendant, Moses Herzog, for damages set out in two counts of the declaration, the first being for false imprisonment, the second for malicious prosecution.

The plaintiff at the trial introduced evidence tending to prove that she had been in possession of premises 2224 12th Street Northwest, in Washington, D. C., from 1922

to 1927, claiming title thereto successively as purchaser, mortgagor in possession, and tenant holding over after foreclosure of mortgage; that the defendant, Herzog, at the same time claimed to be the owner of the property; that in October, 1929, one Lockwood, as agent for the defendant, brought suit against her in the municipal court of the District of Columbia in a landlord and tenant case to recover possession of the premises for the defendant; that a motion was filed to dismiss the complaint because it was not brought by the real party in interest, and Lockwood thereupon submitted to a voluntary nonsuit; that a second municipal court case followed in which Herzog sued the plaintiff for possession of the premises; that this suit was filed November 26, 1929, and on December 9th the case was disposed of by nonsuit after trial; that on December 13, 1929, a bill of complaint in equity was filed by the plaintiff against the defendant, Herzog, and others in the Supreme Court of the District of Columbia; that the bill of complaint was entitled "A bill of complaint to set aside deed and injunction," and related to the property herein involved; that this suit was pending at the time of the transactions which are in question in this case; that on December 13, 1929, a third suit was begun in the municipal court by Herzog against the plaintiff to collect rent for the premises, accompanied by an affidavit for attachment for rent claimed to be due; that an attachment was issued accordingly, and was levied upon the belongings of plaintiff in the house, and these were removed from the premises; that this case was pending until February 27, 1930, and upon that date judgment was rendered in favor of Herzog for $85, and the attached chattels were sold by the marshal for the sum of $81; that on December 26, 1929, Herzog entered plaintiff's room in the house before she had gotten out of bed, and then went out and afterwards came back with a policeman, and that later in the day he came back with two policemen; that she screamed and jumped out of a window and was arrested by the officers on a charge of disorderly conduct; that Herzog nailed up the windows and put a padlock upon the front door for the purpose of keeping plaintiff out of the house; that plaintiff upon her return procured an axe with which she broke the padlock and re-entered the house; that on December 27th Herzog filed an information in the police court against plaintiff charging her with unlawful destruction of property because of the breaking of the padlock aforesaid; that this information was sworn to by Herzog before an assistant district attorney, and at the same time one of the officers who had arrested plaintiff filed an information in the police court charging her with disorderly conduct; that plaintiff was imprisoned and tried upon these prosecutions; that the cases against her were tried together before the judge of the police court and both resulted in her acquittal. Testimony also was introduced, without contradiction, tending to prove the good character and reputation of the plaintiff.

On the other hand, it was testified by the defendant, Herzog, that he was the owner of the property in question, and that on or about December 20, 1929, he observed that the property was vacant; that the doors and windows were wide open; that there was no furniture of any kind in the house; and that trash and empty whisky bottles were piled upon the floor; that he thereupon communicated with his real estate agent, Lockwood, who went with him to the house and locked it by putting a padlock on the door with an iron hook and hasp, and nailing up the windows, and in general closing up the house; that in passing the house about a week later he noticed that the windows were wide open, that the padlock had been taken off the door and destroyed, and injury done to the door frame, and that a large axe was lying beside the lock in the vestibule; that he reported this condition to the captain of the police department, who sent a police officer to the premises to make an investigation; that defendant later went to the premises, but did not go inside, nor say anything to the police officer; that the defendant returned to the premises late in the afternoon of the same day and heard an argument in progress; that he heard the police officer admonish a woman in the house to keep quiet, and threaten to arrest her if she did not; that he saw the woman jump out of the front window of the premises, at which time he recognized her as the plaintiff; that plaintiff continued to yell and create a disturbance; that he saw the officer take the plaintiff to the police station in the patrol; that she was taken to a police precinct and sent to the house of detention, where she remained over night, and that the following morning she was tried in the police court, and the charges against her were dismissed; that defendant did not cause or direct the arrest of plaintiff by the police officers. The defendant also denied signing the information upon which the plaintiff was arrested, saying that "He did not remember swearing to anything on that date."

At the close of the testimony the court di-

rected a verdict for the defendant on the first count of the declaration on the ground that the testimony did not make out a case of false imprisonment. The court, however, refused to direct a verdict for the defendant on the second count, and the case went to the jury on that count. The court in its general charge fully and correctly instructed the jury concerning the issue of malicious prosecution as the only issue which was submitted to them, and no exception was taken to the charge as delivered.

The jury after deliberation returned a verdict for the plaintiff in the sum of $1,000, whereupon a motion for a new trial was filed and overruled, and judgment was entered upon the verdict. The present appeal followed.

■ The appellant assigns as error the alleged misconduct of the court in making the following statement to counsel in the presence of the jury during the trial:

"Herzog went around to this property, as I understand, with policemen; and this woman was assaulted and thrown out in the street. That is what I understand. I wonder why it was done."

Defendant excepted to this language of the court, whereupon the court immediately addressed the jury as follows:

"Understand, ladies and gentlemen, the court is not taking sides in this matter one way or the other. You are all the exclusive judges of fact. With the facts the court has absolutely nothing to do. All this colloquy that I have back and forth between these lawyers as to objections and exceptions—that is a matter that I must settle with them. And if, unfortunately, I might intimate, and you think I am intimating, that I have an opinion one way or another throughout the trial, you pay no attention to that. It is your responsibility to determine the facts. I will get along with these lawyers."

Afterwards the court instructed the jury as follows in the general charge:

"Now it is your sole and exclusive function and duty as it is your responsibility to determine the facts that have been established by the evidence, and, it is especially your province to determine the credibility of the witnesses and the weight to be given to their testimony. * * * *"

"You are instructed that you must decide the case without being influenced by any feeling of sympathy or prejudice for or against the plaintiff or defendant. It is your duty to determine the issues here fairly and impartially and according to the law and the evidence."

We are of the opinion that in view of the instructions given by the court to the jury the appellant suffered no prejudice because of the remarks complained of, and the assignment of error based upon them is overruled.

■ The appellant assigns as error the refusal of the court to permit testimony to be introduced by appellant at the trial concerning the oral remarks made by the police judge in dismissing the criminal charges against the appellee. An offer was made to prove that the judge when dismissing the case stated that he did so because appellee's brother would take care of her and provide a proper place for her to live in.

We do not think this was error. The record of the dismissal was introduced in evidence for the purpose of establishing the termination of the prosecution. The remarks made by the judge when entering the decision cannot be made a part of the record for any other purpose.

■ Appellant assigns as error the refusal of the court to deliver defendant's prayer No. 1 to the jury, reading as follows:

"The court instructs the jury that if you find from the evidence in the case that the police officer made the arrest of his own volition and in his official capacity, and not as the mere agent of the defendant, then your verdict must be for the defendant."

This assignment cannot be sustained. The court had withdrawn from the consideration of the jury the charge of false imprisonment, and the case was pending solely upon the charge of malicious prosecution. Therefore this instruction was unnecessary, and had no relation to the charge upon trial.

■ Appellant argues that the trial court dismissed the first count of the declaration which charged false imprisonment because of a total failure of the testimony to sustain such charge, and nevertheless submitted to the jury the second count of the declaration likewise containing a charge of false imprisonment, and that by this means a charge which the court found to be unsupported by any testimony was nevertheless submitted to the jury as an issue in the case.

This contention is not correct. The first count of the declaration was based solely upon a charge of false imprisonment. The second count was based upon a charge of malicious prosecution. It is stated in the count, however, that the offense resulted in the detention of the plaintiff, and this might properly be considered by the jury in their estimate of damages should they find against the

defendant upon the issue submitted to them. This was not error.

█ The appellant contends that the verdict was excessive, contrary to the weight of the evidence and the instructions of the court, and should have been set aside by the trial court. However, the amount of damages awarded by the verdict was a matter peculiarly within the judgment of the jury under the instructions of the court. This is especially true where damages are awarded because of an injury maliciously inflicted. Moreover, the complaint of excessive damages was considered by the trial justice when he overruled the motion for a new trial, and while the amount of the verdict may seem large, nevertheless, in view of the character of the case we do not consider that this should cause a reversal.

Upon the evidence in the case the jury was justified in finding that there had been a controversy between the appellant and appellee concerning the possession of the property in which the appellee was at the time living; that the appellant first attempted to secure possession of the property by means of legal process, but failed in this attempt; that the appellant becoming dissatisfied with his unsuccessful attempt to secure possession of the property, determined to dispossess the appellee by forcibly taking possession of the property and excluding her therefrom; that the prosecution of the appellee for malicious destruction of property was an incident in carrying out this scheme; and that all of this occurred while suits were pending in competent courts in relation to the title and right of possession of the premises. In this view of the case, it is manifest, the jury found for the appellee.

Upon the entire record we are convinced that the judgment of the lower court should be and it is affirmed.